UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------X

United States of America


   - against -                   MEMORANDUM AND
                                    OPINION

Maurice Whidbee,                06-CR-0759

          Defendant.

----------------------------X



On November 16, 2006, Maurice Whidbee ("Whidbee") was indicted for knowingly and intentionally possessing a firearm in and affecting commerce, in violation of 18 U.S.C §§ 922(g)(1)[1], 924(e)(1)[2], and 3551 *et seq.* Presently before the Court is defendant's motion, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fifth Amendment, to dismiss the

_____

[1] 18 U.S.C. § 922(g)(1) provides that

It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

[2] 18 U.S.C. § 924(e)(1) provides that

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

indictment on the basis of double jeopardy.  In the alternative,
defendant seeks an evidentiary hearing to be held outside the
presence of a jury before trial to determine factual issues.  For
the reasons set forth below, defendant's motion is denied.


**Background**

The following accusations are taken from the indictment and
the undisputed statements contained in the submissions of the
parties in connection with this motion.  For purposes of this
motion only, the accusations are taken to be true.

On June 21, 2006, around 1:50 am, New York City Police
Officer Thomas Marco ("Officer Marco") observed defendant Whidbee
walking with a limp on a sidewalk near Marcus Garvey Boulevard
and Lafayette Avenue.  The government states that Officer Marco
was on patrol in plainclothes in an unmarked vehicle.
Government's Opposition Memorandum, p. 3.  He stopped his vehicle
near the defendant and, while seated in the vehicle, asked if the
defendant was all right.  Defendant responded that he had "hurt
himself."  Declaration of Defendant's Attorney Douglas G. Morris
("Morris Declaration"), p. 4 (quoting Def. Exh. A, District
Attorney's Complaint Room Screening Sheet).  Officer Marco got
out of his vehicle, "with the purpose of asking further questions
about the injury."  Government's Memorandum, p. 3.  As Marco

approached the defendant, the officer observed a large bulge in the defendant's pant leg. The Government states that "[t]he bulge extended from the top of the defendant's hip down to his ankle." *Id.* Marco patted the outside of defendant's pant leg, reached inside defendant's pants, and recovered a Remington 710 30-06 rifle. Officer Marco placed the defendant under arrest.

Later that day, on June 21, 2006, defendant pled guilty in Kings County Supreme Court to violation of the New York City Administrative Code, NYC AC §10-131(h)(2), for possession of an unloaded rifle or shotgun in public without a carrying case. During the allocution, the court asked, "By your plea, do you admit on June 20th [sic], 2006, at 1:50 am, at Marcus Garvey Boulevard and Lafayette Avenue, here in the County of Kings,, you were in possession of an unloaded rifle?" Mr. Whidbee replied, "Yes, sir." Defendant was sentenced to time served[3] and released.

Before his June 2006 arrest, defendant had eight criminal convictions, three of which were for felonies. In 1995, defendant was convicted in Queens County for Attempted Burglary in the Second Degree. In 2000, defendant was convicted in Queens County for Attempted Robbery in the Third Degree. That same year, defendant was also convicted in Bronx County for Attempted

---

[3] A violation under NYC AC § 10-131(h)(2) is "punishable by a fine of not more than fifty dollars or by imprisonment not exceeding thirty days, or by both such fine and imprisonment."

Arson in the Second Degree.

In late July 2006, having been informed of defendant's arrest by detectives of the NYPD firearms unit, agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") began an investigation of defendant's violation of federal firearms laws. The Government states that "ATF was not notified of the defendant's arrest until after the defendant had already pled guilty in the State proceeding and been set free. Accordingly, at the time of the defendant's state plea allocution, there was no pending federal investigation or cooperation between State and Federal law enforcement agencies." Government's Memorandum, p. 4. The Government further states that "[o]n September 26, 2006, an Assistant Attorney General of the United States authorized the United States Attorney's Office for the Eastern District of New York to pursue a successive prosecution of Maurice Whidbee."[4] On

---

[4] The Assistant Attorney General's approval appears to reflect the government's intention to comply with the requirements of its policy on successive prosecutions, known as the *Petite* policy. *See* "Dual and Successive Prosecution Policy," U.S. Attorneys' Manual § 9-2.031 (2000); *Petite v. United States*, 361 U.S. 529, 530 (1960). While the defendant has not raised this point, it is clear that the *Petite* policy is inapplicable. The *Petite* policy

> precludes the initiation or continuation of a federal prosecution, following a prior state or federal prosecution based on substantially the same act(s) or transaction(s) unless three substantive prerequisites are satisfied: first, the matter must involve a substantial federal interest; second, the prior prosecution must have left that interest demonstrably unvindicated; and third, applying the same test that is applicable to all federal prosecutions, the government must believe that the defendant's conduct constitutes a federal offense, and that the admissible evidence probably will be sufficient to obtain and sustain a conviction by an unbiased trier of fact.

"Dual and Successive Prosecution Policy," U.S. Attorneys' Manual § 9-2.031 (2000). Courts have held that the *Petite* policy is "merely an internal guideline for prosecutorial discretion, not subject to judicial review," *id.*

November 16, 2006, a federal grand jury returned an indictment against defendant, charging him with one count of possessing a firearm after having been convicted of three violent felonies, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

## Discussion

The Government argues that defendant's motion to dismiss the indictment on double jeopardy grounds should be denied because the federal charge is not, for double jeopardy purposes, the same offense as the New York State charge.

Under the Fifth Amendment, no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend V.  The Double Jeopardy Clause generally prohibits successive prosecution for the same crime, or a greater or lesser included offense. *See Brown v. Ohio*, 432 U.S. 161 (1977); *see also Rutledge v. U.S.*, 517 U.S. 292 (1996) (after conviction of a lesser-included offense, double jeopardy bars successive prosecution for a greater offense).  Whether the two separate charges constitute the "same offense" is determined by

_____

(citing *Sullivan v. United States*, 348 U.S. 170, 172-74 (1954)); *see also U.S. v. Piervinanzi*, 23 F.3d 670, 682 (2d Cir. 1994) (Department of Justice guidelines "provide no substantive rights to criminal defendants").  The Assistant Attorney General's approval was no doubt based on a determination that the "substantially enhanced sentence" for the alleged federal felony reflects a compelling federal interest that the prior state conviction left unvindicated.  *See* "Dual and Successive Prosecution Policy," U.S. Attorneys' Manual § 9-2.031 (2000).

the *Blockburger* test. *See Texas v. Cobb*, 532 U.S. 162, 173
(2001); *Blockburger v. U.S.*, 284 U.S. 299 (1932). Under the
*Blockburger* test, "where the same act or transaction constitutes
a violation of two distinct statutory provisions, the test to be
applied to determine whether there are two offenses or only one,
is whether each provision requires proof of a fact which the
other does not." *Blockburger*, 284 U.S. at 304. "If each [crime]
requires proof of a fact that the other does not, the *Blockburger*
test is satisfied, notwithstanding a substantial overlap in the
proof offered to establish the crimes." *Ianelli v. United
States*, 420 U.S. 770, 786 (1975).

New York City Administrative Code § 10-131(h)(2), the
violation for which defendant was convicted, provides, in
relevant part, that "[i]t shall be unlawful for any person to
carry or possess an unloaded rifle or shotgun within the city
limits unless such rifle or shotgun is completely enclosed, or
contained, in a nontransparent carrying case." NYC AC § 10-
131(h)(2). To prove a violation of 18 U.S.C. § 922(g)(1), the
federal offense with which defendant is charged, the government
must prove: (1) the defendant possessed a firearm, (2) the
defendant had a prior felony conviction, and (3) the firearm was
possessed in or affecting interstate commerce." *United States v.
Moore*, 208 F.3d 411, 412 (2d Cir. 2000).

These two crimes pass the *Blockburger* test because they each

require proof of a fact not contained among the elements of the other crime. NYC AC § 10-131(h)(2) requires that the defendant carried a firearm in public and without a carrying case whereas the federal offense has no such requirements. *See People v. Harris*, 193 Misc.2d 487, 488 (Ct. App. 2002) (finding that NYC AC § 10-131(h) does not prohibit "the carrying of an unloaded rifle in a public place within a closed case"). Nor does the state offense qualify as a lesser-included offense of the federal offense. The federal offense requires proof that the defendant had a prior felony conviction and that the firearm was specifically possessed in or affecting interstate commerce. Accordingly, because the successive federal prosecution does not constitute double jeopardy, defendant's motion to dismiss the indictment is denied.[5] *See United States v. Fuller*, 149 F.Supp.2d 17, 27 (S.D.N.Y. 2001) (determining that *Blockburger* test was met after comparing state crime requiring that defendant possessed loaded firearm outside his home or place of business with federal crime requiring (1) that defendant be a convicted felon and (2) that firearm possession affected interstate commerce). Because there are no factual questions preventing a determination on this motion, an evidentiary hearing is

---

[5] Having denied defendant's motion on this ground, I need not address defendant's other arguments concerning the sham prosecution and joint sovereignty exceptions to the dual sovereignty doctrine. Nor is a hearing necessary to determine the relationship between the state and federal investigations.

unnecessary.

## Conclusion

For the foregoing reasons, defendant's motion to dismiss the indictment is denied.

The clerk is directed to transmit a copy of the within to the parties.


SO ORDERED.

Dated :   Brooklyn, New York
          April 9, 2007


                    By: <u>/s/ Charles P. Sifton (electronically signed)</u>
                        United States District Judge