D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA

-against-

MAURICE WHIDBEE,

Defendant.
-----------------------------------------------------------------X

**ORDER**

**06-CR-759 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On June 16, 2016, Defendant filed a motion under 28 U.S.C. § 2255 to vacate his sentence following Johnson v. United States, 135 S. Ct. 2551 (2015). (Mot. to Vacate (Dkt. 79).) The Government has informed the court that it does not oppose Defendant's Motion. (Resp. (Dkt. 84).) For the following reasons, Defendant's Motion is GRANTED.

On April 17, 2007, Defendant was convicted after trial of possessing a rifle after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). A conviction under this provision normally carries a maximum punishment of 10 years' imprisonment. See 18 U.S.C. § 924(a)(2). However, the punishment is increased to a 15-year minimum term under the Armed Career Criminal Act ("ACCA") where a defendant is found to have three prior convictions for a "violent felony" and/or "serious drug offense." See id. § 924(e)(1). ACCA defines a violent felony as any felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

Id. § 924(e)(2)(B) (emphasis added). Subsection (i) is referred to as ACCA's "force clause," whereas the closing words of Subsection (ii), emphasized above, are known as the Act's "residual clause." Johnson, 135 S. Ct. at 2556.

1

On March 27, 2008, Judge Charles P. Sifton sentenced Defendant to the 15-year mandatory minimum under ACCA, based on Defendant's prior convictions for attempted burglary in the second degree, attempted robbery in the third degree, and attempted arson. (See J. (Dkt. 69); Mot. to Vacate at 2; Resp. at 1.) These prior convictions were deemed to be violent felonies under ACCA's residual clause. (See Mot. to Vacate at 1; PSR ¶¶ 15, 24, 30, 45, 92-93.)

On June 26, 2015, the Supreme Court held that ACCA's residual clause was unconstitutionally vague and that imposing an increased sentence under the clause therefore violates the Constitution's guarantee of due process. See Johnson, 135 S. Ct. at 2563. Soon thereafter, on April 18, 2016, the Court held that Johnson announced a new "substantive rule that has retroactive effect in cases on collateral review." Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

Defendant argues that after Johnson, he no longer has the requisite three violent felony convictions that would justify a 15-year prison sentence. (Mot. to Vacate at 13.) Now that the residual clause is void, Defendant notes that his three convictions for "attempt offenses" would have to qualify under ACCA's "force clause" in order to trigger the Act's 15-year mandatory minimum. (Id. at 15.) However, Defendant argues that none of his three convictions require as an element the "use, attempted use, or threatened use of physical force" within the meaning of the force clause, rendering that clause inapplicable as well. (Id. (quoting 18 U.S.C. § 924(e)(2)(B)(i)).)

The Supreme Court has held that "physical force" as used in ACCA's force clause requires "great" and "violent force" and does not include a lesser amount of force. See Johnson v. United States, 559 U.S. 133, 140 (2010) ("We think it clear that in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force—that is, force

2

capable of causing physical pain or injury to another person." (emphasis in original)). On July 21, 2016, the Second Circuit confirmed that New York third-degree robbery does not include as an element the kind of great or violent physical force that would qualify it as a violent felony under ACCA. See United States v. Jones, No. 15-CR-1518, --- F.3d ---, 2016 WL 3923838, at *5 (2d Cir. July 21, 2016). In light of Jones, the Government has "concede[d] that the defendant's Attempted Third Degree Robbery no longer qualifies him as an Armed Career Criminal." (Resp. at 2.) The court agrees.

Absent Defendant's Armed Career Criminal designation, his statutory maximum sentence would have been 10 years. See 18 U.S.C. § 924(a)(2). Defendant has already served nearly 10 years in prison, and the Government does not oppose his immediate release. (See Mot. to Vacate at 26.) Accordingly, the court GRANTS Defendant's Motion, VACATES Defendant's sentence, and RESENTENCES him to time served. The court will issue an amended judgment shortly. The Bureau of Prisons is DIRECTED to release Defendant forthwith.

SO ORDERED.

Dated: Brooklyn, New York
August 3, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

3